IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JORY GILKEY,

      Plaintiff,

v.                                                   Case 2:12-cv-02965-STA-cgc

WELLS FARGO BANK, N.A.,
OCWEN LOAN SERVICING,
HOMEQ SERVICING,
AMERIQUEST MORTGAGE CO.,
ARGENT MORTGAGE CO., LLC,
U.S. BANK NATIONAL ASSOCIATION,
and WEISSMAN, NOWALK, CURRY
& WILCO, P.C.,

      Defendants.

---

**REPORT AND RECOMMENDATION ON WELLS FARGO BANK, N.A., OCWEN LOAN SERVICING, AND WEISSMAN, NOWACK, CURRY & WILCO, P.C.'S MOTION TO DISMISS AND ON IN FORMA PAUPERIS SCREENING PURSUANT TO 28 U.S.C. § 1915**

---

Before the Court is Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Ocwen Loan Servicing ("Ocwen"), and Weissman, Nowack, Curry & Wilco, P.C.'s ("WNCW") Motion to Dismiss (Docket Entry "D.E." #6), which was filed on April 2, 2013 pursuant to Rule 4(m) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. The instant motion was referred to the United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

Pursuant to Local Rule 12.1(b), a response to a motion filed pursuant to Rule 12(b) must be filed within twenty-eight days after the motion is served. Plaintiff failed to do so. On June 5, 2013, the Court ordered Plaintiff to show cause within fourteen days of the entry of the Order "as to why

1

the Court should not consider the Motion on the record before it and enter a Report and Recommendation recommending to the District Court that the Motion to Dismiss docketed at D.E. #6 be granted pursuant to Fed. R. Civ. P. 12." To date, Plaintiff has not responded to the Court's Order to Show Cause. Accordingly, the Court will proceed to address Defendant's Motion to Dismiss on the merits. Additionally, as Plaintiff is proceeding in forma pauperis, and as all pre-trial matters have been referred to the Magistrate Judge, it is also the appropriate time to conduct the in forma pauperis screening of Plaintiff's Complaint as to all Defendants pursuant to 28 U.S.C. § 1915.[1]

**I. Background**

On November 6, 2012, Plaintiff filed a pro se Complaint along with a pro se Motion for Leave to Proceed In Forma Pauperis, which was granted on November 7, 2012. Plaintiff alleges that, on August 28, 2012, he received a notice of foreclosure sale from WNCW stating a "certain Loan Agreement/Contract was referred for handling" to their firm from Wells Fargo. (Compl. ¶ 1 & Exh. 1). Plaintiff states that the notice of foreclosure informed him that his real property at 4356 Deergrove Road, Memphis, Tennessee, 38141 (the "Real Property") was being seized through a non-judicial process and was to be sold on October 2, 2012. (Compl. ¶ 1 & Exh. 1).

Plaintiff alleges that, on September 21, 2012, he sent "correspondence in the form of a Qualified Written Request, Complaint and Dispute of Debt & Validation of Debt Letter, FOIA Request, Signature Revocation and Affidavit" to Wells Fargo, which was received by its Corporate

---

[1] To date, none of the Defendants have been served with process, as a plaintiff proceeding in forma pauperis cannot obtain summonses prior to the Section 1915 screening. Wells Fargo, Ocwen, and WNCW have filed their Motion to Dismiss in spite of lack of service. The remaining Defendants have not filed any documents in this case.

2

Trust Services Department and forwarded to Ocwen on September 28, 2012. (Compl. ¶ 1 & Exhs. 2-3). On October 4, 2012, "Defendant(s) again sent a secondary notice of foreclosure stating that Plaintiff was in default of the terms and payments provided for in that certain Deed of Trust" dated August 6, 2004. (Compl. ¶ 1 & Exh. 4).

Plaintiff alleges that, in his attempts to settle the indebtedness, he "instructed defendant" to conduct an investigation in accordance with his Qualified Written Request, to audit the account, to "validate the debt so it is accurate to the penny," and to provide "full and immediate disclosure," including "copies of all pertinent information regarding this alleged debt." (Compl. ¶ 1 & Exh. 2). Plaintiff alleges that he further instructed "defendant" to provide various guarantees that certain actions were lawful and in accordance with the terms of the agreement and that certain information was disclosed to him. (Compl. ¶ 1.1-1.7 & Exh. 2).[2] Plaintiff states that he allowed "Defendant(s)" ten days "after receipt of such Qualified [Written] Request to rebut point by point allegations" and that their "failure to rebut has caused this commencement of action." (Compl. ¶ 1.8 & Exh. 2). Plaintiff alleges that "silence is acquiescence" and that an "un-rebutted Affidavit stands as truth." (Compl. ¶ 1.8).

Plaintiff further alleges that "Defendant(s)" have committed the following acts: (1) attempted to unlawfully recover "on a Deed of Trust/Title/note through a non-judicial foreclosure"; (2) failed to possess the "original alleged 'Promissory Note'"; (3) committed fraud; (4) lended their credit unlawfully and without authority; (5) failed to "give evidence of valuable consideration" for the "alleged mortgage loan"; (6) intentionally mislead or coerced Plaintiff "into signing an alleged Deed

---

[2] Paragraph 1 of Plaintiff's Complaint contains eight sub-paragraphs. (Compl. at 3-4). The Court will reference these as Paragraphs 1.1-1.8.

of Trust as Grantor, by way of signing an alleged Promissory Note"; (7) committed fraudulent inducement into a commercial contract; (8) committed fraudulent concealment of material facts; (9) falsely misrepresented material facts; and, (10) violated Plaintiff's due process protections under the Fifth Amendment of the United States Constitution. (Compl. at 4-7, ¶¶ 1-7).[3] Plaintiff further avers that he is "the holder-in-due course" of the Real Property and that the "contract assignee is void and non-existent." (Compl. at 4 & 6, ¶¶ 3 & 6).

Plaintiff requests that the Court order the following: (1) that process be issued and served upon Defendants; (2) that "defendant(s) . . . be forever barred from all claim to an estate or interest in the property described"; (3) that it be "judged and finally determined that plaintiff is the lawful owner and is vested with absolute title in fee simple to the property"; (4) that the "sole and complete right to possession of the property . . . be awarded to the plaintiff and that the plaintiff[] retain the right to possession thereof"; (5) that "defendant(s) provide evidence of valuable consideration received by plaintiff"; (6) that "defendant(s) compensate plaintiff for stress and mental duress in connection with fraudulent attempted foreclosure and inducement"; and, (7) that foreclosure be set aside, restrained, and prohibited. (Compl. at 7-8).

## II. Proposed Standard of Review

### A. *Wells Fargo, Ocwen, and WNCW's Motion to Dismiss*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most

---

[3] Plaintiff renumbered the paragraphs in the "Facts" section of his Complaint, beginning at Paragraph 1. (Compl. at 4-7). To avoid confusion, the Court will include the page number for these renumbered paragraphs, as Plaintiff's Complaint contains more than one Paragraph 1.

favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

***B. Section 1915 Screening as to HomeQ Servicing, Ameriquest Mortgage Company, Argent Mortgage Company, and U.S. Bank National Association***

Pursuant to 28 U.S.C. Section 1915, in proceedings in forma pauperis, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is

5

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

### C. *Pro Se Pleading Requirements under Rule 12(b)(6) and Section 1915*

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### III. Proposed Analysis

Upon review, Plaintiff's Complaint suffers from substantial deficiencies. As to the Complaint as a whole, it does not reference any particular Defendant except for a few brief references in his "Initial Facts." (Compl. ¶ 1). Even then, the Complaint references only generally alleged acts of Wells Fargo, Ocwen, and WNCW; and there is no mention whatsoever in the Complaint of HomeQ Servicing ("HomeQ"), Ameriquest Mortgage Company ("Ameriquest"),

6

Argent Mortgage Company, L.L.C. ("Argent"), or U.S. Bank National Association ("U.S. Bank"). Additionally, the purported claims in Plaintiff's Complaint, under a section entitled "Facts," do not reference any particular Defendant, and there are no demands or prayers asserted against named Defendants. (Compl. at 4-8). As Defendants correctly argue, Plaintiff's Complaint typifies the "shotgun complaint," which contains general allegations without differentiating between defendants. *Jerry W. Cobb v. Regions Bank*, No. 09-2806, 2010 WL 2010780, at *3 (W.D. Tenn. May 19, 2010). This Court has denounced such Complaints, as they can "wreak havoc on the judicial system." *Id.*

With respect to the individual "claims," Plaintiff has provided neither a factual basis nor a legal basis in support of them. Instead, as set forth above, Plaintiff's Complaint has strewn together various conclusory statements. First, Plaintiff's Complaint states that "Defendant" attempted to unlawfully recover "on a Deed of Trust/Title/note through a non-judicial foreclosure." (Compl. at 4). Plaintiff does not allege at any point in his Complaint why he believes the initiation of foreclosure proceedings was unlawful, and Plaintiff never alleges that he was not in default on the mortgage.[4]

Next, Plaintiff's Complaint summarily states as follows: (1) that "defendant(s) are not in possession of the original alleged promissory note"; (2) that "defendant(s)" cannot produce the original promissory note or loan contract "because it was categorize[d] by the defendant(s) or by the original lender involved." (Compl. at 4). Plaintiff declares himself to be the "true holder-in-due course" of the property." (*Id.*). Plaintiff alleges that the mortgage loan becomes "ineffectual" when

---

[4] Plaintiff appears to cite to *Matter of Staff Mortgage & Investment Corporation*, 550 F.2d 1228 (9th Cir. 1977) in support of this claim; however, this case, which was brought under the California Commercial Code, does not contain the proposition for which Plaintiff cites it, nor does the Court find that it provides any legal basis to support Plaintiff's Complaint.

7

the note holder does not also hold the deed of trust. (*Id.*). Plaintiff's Complaint contains no further allegations as to what he contends to be the violation of law or how he contends that he is entitled to any relief.

It appears based upon these sparse allegations that Plaintiff may be attempting to claim, at least in part, that the note has been separated from the deed of trust and, thus, has been somehow nullified. However, under Tennessee law, the transfer of a note automatically carries with it the lien created by the deed of trust or other security instrument securing it. *See*, *e.g.*, *Gibson v. Mort. Elec. Registration Sys.,* Inc., No. 11-2173-STA, 2012 WL 1601313, *4 (W.D.Tenn. May 7, 2012) ("Under Tennessee law, the lien of a mortgage or trust deed passes, without a special assignment thereof, to the endorsee of a note or transferee of the debt secured by the instrument." (internal citations omitted)); *see also*, *Clark v. Jones*, 93 Tenn. 639, 641 (Tenn. 1894); *Thompson v. Pyland*, 40 Tenn. 537, 539 (Tenn. 1859). Plaintiff has failed to allege both that any transfers took place and that any such transfers of his Note, if they occurred, have defied this well-settled rule.[5] Further, Plaintiff has failed to provide any other factual or legal bases for these allegations.

Next, Plaintiff's Complaint contains numerous assertions that he contends constitute "fraud": (1) "Defendant(s)" acting with "no authority to lend its[] credit"; (2) "Defendant(s)" failing to "give evidence of valuable consideration received by plaintiff"; (3) "Defendant(s)" intentionally

---

[5] Plaintiff cites *Bellistri v. Ocwen Loan Servicing, LLC*, 284 S.W.3d 619 (Mo. Ct. App. 2009), for his proposition that he is the holder in due course of the property. The *Bellistri* court does not address the holder-in-due-course doctrine but rather addresses claims under Missouri law that are not analogous to Plaintiff's. Further, the *Bellistri* court recognized that Missouri law, like Tennessee law, states that a note and deed are "inseparable" and are transferred together. *Id*. at 623. Plaintiff also references another case, *Landmark National Bank v. Kessler*, but does not provide a citation to this case; and the Court was unable to locate a case with these named parties in any federal or state jurisdiction.

8

misleading plaintiff into signing "an alleged Deed of Trust as Grantor, by way of signing an alleged Promissory Note, with consideration"; (4) "Defendant(s) are guilty by association of being a party to 'fraudulent inducement' of into a commercial contract without disclosing that defendant(s) cannot hold said note more than 5 years or a maximum of 10 years"; (5) "Defendant(s)" acted in "bad faith by failing to disclose the aforementioned to plaintiff" and have fraudulently concealed material facts pertaining to the mortgage transaction. (Compl. at 5-6). Plaintiff alleges that fraud vitiates "nearly every form of conduct by its[] taint" and, as such, that the "contract assignee is void and non-existent." (*Id.*).

The elements of fraud are as follows: (1) an intentional misrepresentation of an existing material fact; (2) knowledge of the representation's falsity; and, (3) injury caused by reasonable reliance on the misrepresentation. *Mid-South Indus., Inc. v. Martin Mach. & Tool, Inc.*, 342 S.W.3d 19, 28 (Tenn. Ct. App. 2010). Claims of intentional misrepresentation and fraudulent misrepresentation have the same elements as a common-law fraud claim. *Hodge v. Craig*, 382 S.W.3d 325, 342 & n.28 (Tenn. 2012). The elements of a claim of fraudulent inducement of a contract are as follows: (1) the existence of a false statement concerning a fact material to the transaction; (2) knowledge of the statement's falsity or utter disregard for its truth; (3) intent to induce reliance on the statement; (4) reliance under circumstances manifesting a reasonable right to rely on the statement; and, (5) and injury resulting from the reliance. *Lamb v. MegaFlight, Inc.*, 26 S.W.3d 627, 630 (Tenn. Ct. App. 2000).

Plaintiff's Complaint does not allege any intentional misrepresentation of a material fact, knowledge of the representation's falsity, or an injury caused by the reliance on the misrepresented fact. Plaintiff's Complaint also does not allege any intent to induce reliance upon any statements

9

or circumstances that would make reliance reasonable. Thus, Plaintiff has failed to allege a claim of fraud, intentional misrepresentation, fraudulent misrepresentation, or fraudulent inducement. Additionally, Rule 9(b) of the Federal Rules of Civil Procedure require that a party alleging fraud must be plead it with particularity. Fed. R. Civ. P. 9(b). Given the heightened pleading standard, Plaintiff's failures to adequately plead fraud are especially lacking.[6]

Finally, Plaintiff's Complaint alleges that "Defendant(s)" are "attempting to violate" Plaintiff's due process protections under the Fifth Amendment of the United States Constitution "by attempting to seize" Plaintiff's Real Property "through a non-judicial foreclosure sale." (Compl. at 7). Plaintiff has not invoked 42 U.S.C. Section 1983, which redresses violations of the United States Constitution. Also, it appears that Plaintiff is requesting prospective relief for potential future violations, as he alleges that, to date, they have only "attempt[ed] to violate his constitutional rights." Yet, most fatally to Plaintiff's Complaint, a claim for violation of the due process protections of the Fifth Amendment requires an allegation of unlawful action by the federal government; and such an action cannot be maintained against private parties. *Public Utilities Comm'n of District of Columbia v. Pollak*, 343 U.S. 451, 461 (1952). Plaintiff's Complaint alleges that the violations were committed solely by private parties. Thus, Plaintiff has not alleged any federal action, and the "strong consensus of federal and state courts, including the Sixth Circuit" is "that non-judicial foreclosures do not involve [governmental] action." *Angeline Renee Drake v. Citimortgage, Inc.*, No. 1:10-CV-305, 2011 WL 1396774, at *4 (E.D.Tenn. Apr. 13, 2011) (citing

---

[6] Plaintiff has cited various cases in support of his claims of "fraud": *Farmers' & Miners' Bank v. Bluefield Nat'l Bank*, 11 F.2d 83 (4th Cir. 1926); *Bowen v. Needles Nat'l Bank*, 94 F. 925 (9th Cir. 1899); *Smyth v. United States*, 302 U.S. 329 (1937); *Barnsdall Refining Corp. v. Birnamwood Oil Co.*, 32 F. Supp. 308 (1940); and, the National Banking Act. The Court has reviewed Plaintiff's cases and does not find that they are applicable to Plaintiff's case.

cases).

After reviewing all of Plaintiff's claims and finding that they are not sufficiently plead to comply with the Federal Rules of Civil Procedure, the sole remaining question is the remedy for this failure. Wells Fargo, Ocwen, and WNCW have requested that the Complaint be dismissed as to them pursuant to Rule 12(b)(6) as an improper "shotgun complaint" as denounced by this Court in *Cobb*. The Court has concluded that Plaintiff's Complaint does fall under that category, but the question of the appropriate remedy remains.

The *Cobb* court considered the inadequacies of the pleading in that case in the context of a Motion for More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, which the Court granted. 2011 WL 2010780, at *1-*3. However, the *Cobb* court did not consider whether the complaint should be dismissed.

The Sixth Circuit has set forth guiding principles for when the remedy of dismissal is appropriate. In *Pilgrim v. Littlefield*, 92 F.3d 413 (6th Cir. 1996), the Sixth Circuit considered a Motion for Judgment on the Pleadings seeking to have a pro se complaint dismissed pursuant to Rule 12(c). *Id.* at 416. The *Pilgrim* court held that, while pro se litigants are held to less stringent pleading standards, "pro se plaintiffs are not automatically entitled to take every case to trial." *Id.* Once a dispositive motion is filed, pro se plaintiffs cannot "seek shelter in their pro se status" and "claim that their case was dismissed before they became aware of the potential deficiencies in their complaint" or that it was dismissed before they "were given the opportunity to remedy and deficiencies." *Id.* This is precisely the same issue before this Court. Plaintiff has been aware of the alleged deficiencies in his Complaint since April 2, 2013 when the instant Motion to Dismiss was filed. While Wells Fargo, Ocwen, and WNCW moved to dismiss only on their own behalf, their

11

motion referenced numerous deficiencies in his Complaint as to all defendants. (Mot. to Dismiss at 5). To date, Plaintiff has not responded to the Motion to Dismiss, nor has Plaintiff attempted in any way to remedy the alleged deficiencies.

Additionally, the *Pilgrim* court found it particularly compelling that, not only was a dispositive motion filed to which the plaintiff could respond, the Court actually ordered the plaintiff do so, and the plaintiff never complied. In the instant case, Plaintiff was also ordered to show cause as to Wells Fargo, Ocwen, and WNCW's Motion to Dismiss within fourteen days of the June 5, 2013 Order. As in *Pilgrim*, Plaintiff failed to respond to the Court's Order to address the alleged deficiencies in the Complaint. Thus, the Court finds that dismissal is an especially appropriate remedy as to Wells Fargo, OcWen, and WNCW because Plaintiff failed to respond their motion even after a Court Order requiring them to do so.

The Sixth Circuit has also considered when a dismissal of a pro se complaint would not be appropriate. In *Brown v. Matausak*, 415 Fed. App'x. 608 (6th Cir. 2011), the Sixth Circuit concluded that "unique circumstances" existed because the record contained a sixty-one page memorandum that, while not filed with Plaintiff's Complaint, established a sufficient factual basis for Plaintiff's claims. *Id.* at 611-616. Thus, because the Sixth Circuit found the particular circumstances of that case "troubling," it remanded the case to the District Court to provide the plaintiff with leave to amend his complaint.

Yet, even considering the entire record in Plaintiff's case, there are no unique or particularly troubling circumstances that demonstrate that dismissal is not an appropriate remedy. Plaintiff's Complaint contains four exhibits: (1) an August 28, 2012 Notice of Foreclosure Sale from WNCW to Plaintiff; (2) Plaintiff's September 21, 2012 "Qualified Written Request, Complaint, and Dispute

12

of Debt & Validation of Debt Letter, FOIA Request, Signature Revocation, and Affidavit"; (3) a September 28, 2012 Letter from Wells Fargo indicating receipt of Plaintiff's September 21, 2012 correspondence and advising that it was forwarded to Ocwen, the mortgage servicer, for "further response"; and, (4) an October 4, 2012 Notice of Foreclosure Sale from WNCW to Plaintiff. All of these exhibits to the Complaint were mentioned and summarized in Plaintiff's Complaint, and Plaintiff has not filed any other documents in the record of this case. Further, the Court has reviewed these documents and does not find that they provide further factual basis for any of Plaintiff's allegations.

Accordingly, it is recommended that Plaintiff's Complaint fails to state a claim upon which relief may be granted. It is recommended that Wells Fargo, Ocwen, and WNCW's Motion to Dismiss pursuant to Rule 12(b)(6) be GRANTED. It is further recommended that Plaintiff's Complaint be DISMISSED pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief may be granted.

**DATED** this 9th day of July, 2013.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**