## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **JORY GILKEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 12-2965-STA-cgc** |
| | ) | |
| **WELLS FARGO BANK, N.A.;** | ) | |
| **OCWEN LOAN SERVICING;** | ) | |
| **HOMEQ SERVICING; AMERIQUEST** | ) | |
| **MORTGAGE COMPANY; ARGENT** | ) | |
| **MORTGAGE COMPANY, LLC;** | ) | |
| **U.S. BANK NATIONAL** | ) | |
| **ASSOCIATION; WEISSMAN,** | ) | |
| **NOWALK, CURRY & WILCO, P.C.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER OF DISMISSAL

Before the Court is Defendants Wells Fargo Bank, N.A.; Ocwen Loan Servicing; and

Weissman, Nowalk, Curry & Wilco, P.C.'s Motion to Dismiss (D.E. # 6) filed on April 2, 2013.  To

date Plaintiff Jory Gilkey, who is proceeding pro se, has failed to respond to Defendants' Motion.

On June 5, 2013, the United States Magistrate Judge ordered Plaintiff to show cause (D.E. # 7) as

to why the Motion should not be granted.  When Plaintiff failed to respond as ordered, the Magistrate

Judge issued her report and recommendation that Defendants' Motion be granted and that the Court

dismiss Plaintiff's remaining claims *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2).  Plaintiff has

failed to file any objections to the Magistrate Judge's Report within the time allowed.  For the

reasons set forth below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation,

and Plaintiff's Pro Se Complaint is **DISMISSED**.

## BACKGROUND

Plaintiff filed a Pro Se Complaint on November 6, 2012, raising claims related to the foreclosure of his home.  In her Report and Recommendation, the Magistrate Judge concluded that the Pro Se Complaint failed to state any claim for relief.  As a general matter, Plaintiff's is a "shotgun" complaint in that it fails to plead with any specificity which Defendants committed which of the acts alleged in the Complaint.  As for the merits, the pleadings fail to allege any facts to state why the foreclosure of Plaintiff's property was unlawful.  The Magistrate Judge construed Plaintiff's pleadings to suggest that Defendants had no legal right or authority to conduct foreclosure proceedings because no Defendant continued to hold the promissory note.  As the Magistrate Judge correctly noted under Tennessee law "the transfer of a note automatically carries with it the lien created by the deed of trust or other security instrument securing it."  Rep. & Recommendation 8. Plaintiff's Pro Se Complaint does not even allege that any transfer of his promissory note occurred. Moreover, Plaintiff fails to allege in support of his fraud claim any misrepresentation of fact, Defendants' scienter, or any injury resulting from an alleged misrepresentation, much less allege these elements with the requisite particularity.  Finally, the Pro Se Complaint fails to allege any state action or other acts which would implicate Plaintiff's Fifth Amendment rights to due process.

Based on these defects, the Magistrate Judge recommended that Plaintiff's Pro Se Complaint be dismissed, reasoning that dismissal of the *pro se* pleadings was proper for the following reasons. Defendants had filed a dispositive Motion pointing out the defects in the pleadings to which Plaintiff never responded.  When Plaintiff failed to respond to the Motion in a timely fashion, the Court ordered Plaintiff to show cause order as to why the Motion should not be granted, and Plaintiff still

failed to respond.  For these reasons, dismissal without an additional opportunity to amend the

pleadings was justified.  The Magistrate Judge further found that nothing in the record of the case

suggested that Plaintiff might be able to amend the Complaint and add factual allegations to support

his claims.  The Magistrate Judge concluded that Defendants' Motion to Dismiss should be granted

and that the claims against the remaining Defendants be dismissed for failure to state a claim

pursuant to § 1915(e)(2).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure,

a United States Magistrate Judge may hear a pretrial matter dispositive of a claim or defense and

enter a recommended disposition along with proposed findings of fact.[1]  A party may file specific

written objections to the Magistrate Judge's proposed findings and recommendations within 14 days

after being served with a copy of the recommended disposition.[2]  The Court must "make a *de novo*

determination of those portions of the report or specific proposed findings or recommendations to

which objection is made."[3]  After reviewing the record, the Court is free to accept, reject, or modify

the proposed findings or recommendations of the Magistrate Judge.[4]  Moreover, the Court need not

review, under a *de novo* or any other standard, those aspects of the report and recommendation to

which no specific objection is made.[5]  Rather, the Court may adopt the findings and rulings of the

---

[1] 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).

[2] § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

[3] § 636(b)(1)(C).

[4] *Id.*

[5] *Thomas v. Arn,* 474 U.S. 140, 150 (1985).

magistrate judge to which no specific objection is filed.[6]

## ANALYSIS

The Magistrate Judge issued her Report and Recommendation on July 9, 2013, making any objections to the Report due on or before July 26, 2013. To date Plaintiff has failed to file any objections. In fact, Plaintiff has now failed to respond to Defendants' Motion to Dismiss, the Magistrate Judge's show cause order, and the Report and Recommendation that Plaintiff's case be dismissed. It is true that the Magistrate Judge's show cause order was sent to Plaintiff by certified mail on June 7, 2013, but returned to the Clerk of Court as undeliverable on August 5, 2013. However, pro se parties typically receive all filings in their cases by means of first class mail, and none of the Court's other orders or the papers filed by Defendants, including Defendant's Motion to Dismiss, have been returned as undeliverable. The fact then that the Magistrate Judge's show cause order was not delivered only shows that Plaintiff failed to retrieve his certified mail. Additionally, even if Plaintiff no longer resides at his address of record and Plaintiff did not receive a copy of other orders from the Court, it is Plaintiff's duty to inform the Court of any change in his contact information and to monitor the docket.[7] Under the circumstances, the Court has no reason to find that Plaintiff was not aware of Defendant's Motion to Dismiss or the Magistrate Judge's Report and Recommendation.

Based on the Court's review of the Pro Se Complaint, the Motion to Dismiss, and the entire record of the case, the Court hereby **ADOPTS** the Report and Recommendation. Defendants'

---

[6] *Id.* at 151.

[7] *Yeschick v. Mineta*, 675 F.3d 622, 629–30 (6th Cir. 2012) ("Regardless of the method of communication utilized (posted mail or email), it is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address.").

Motion to Dismiss is **GRANTED**.  Plaintiff's claims against the remaining Defendants are dismissed

pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

       **IT IS SO ORDERED.**

                                 **s/ S. Thomas Anderson**
                                 S. THOMAS ANDERSON
                                 UNITED STATES DISTRICT JUDGE

                                 Date: August 15th, 2013.